UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| RAMELL BOHLER, Individually and on behalf of all other persons similarly situated, | ECF CASE |
| Plaintiff, | No.: _____ |
| v. | CLASS AND COLLECTIVE ACTION COMPLAINT |
| TOTAL CARE RX, INC., | |
| Defendant. | JURY TRIAL DEMANDED |

## NATURE OF THE ACTION

1.    Plaintiff Ramell Bohler ("Plaintiff") worked for Defendant Total Care Rx, Inc. ("Total Care RX") as a driver and was paid his regular and overtime wages every two weeks, not every week.

2.    Plaintiff asserts, on his behalf and other similarly situated current and former employees of Total Care RX and those who elect to opt into this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), that Total Care Rx willfully violated the FLSA by failing to timely pay overtime wages.

3.    Plaintiff asserts, on his behalf and other similarly situated current and former employees of Total Care RX who the company employed as drivers and similar positions, an untimely payment of wages claim, including regular and overtime wages, under N.Y. Lab. Law § 191(1)(a).

## JURISDICTION AND VENUE

4.    This Court has subject matter jurisdiction over this matter under 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claim under 28

U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's FLSA claim under 29 U.S.C. § 216(b).

5. Venue is proper in this district under 28 U.S.C. §§ 1391(b)(1)-(2) and (d) as Total Care RX's headquarters is in this District, which is located at 223-10 Union Tpke, Oakland Gardens, New York, 11364.

6. This Court is empowered to issue a declaratory judgment under 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

7. Plaintiff was, at all relevant times, an adult individual, residing in Jamaica, New York.

8. Total Care RX is a domestic business corporation that is organized and existing under the laws of the State of New York, which is licensed to do business in the State of New York.

9. Total Care RX is, upon information and belief, an enterprise engaged in commerce or in the production of goods for commerce. Total Care RX is engaged in commerce or in the production of goods for commerce, because, *inter alia*, it has employees that handle goods and materials that have been produced for and moved in commerce, and, upon information and belief, its annual gross volume of business is at least $500,000. These goods and materials that have been produced for and moved in commerce, which its employees have handled, including medical supplies and computers.

10. Total Care RX, either directly or indirectly, has hired and fired Plaintiff and other employees, supervised and controlled their work schedule and conditions of

employment, determined the rate and method of their payment, and kept at least some records regarding their employment.

11. At any given time, Total Care RX has and has had more than 11 employees.

## STATEMENT OF FACTS

Background[1]

12. Total Care RX is a full-service, specialty pharmacy.

13. Total Care RX employed Plaintiff as a driver from February 15, 2022 to December 13, 2022.

Job Duties

14. As a driver, Plaintiff's primary duties included unloading packages, stacking packages and delivering packages to Total Care RX's customers/patients.

15. Plaintiff, in performing these duties, spent more than 25% of his time performing physical labor.

16. Plaintiff spent more than 25% of his time performing physical labor.

17. Plaintiff worked with at least 20 other employees at any one time who, like him, spent more than 25% of their time doing physical labor. Plaintiff knows this from personal observations and conversations with these other workers.

Hours Worked and Compensation Policies

18. From February 15, 2022 to December 13, 2022, Plaintiff generally worked 4 to 6 days, working from 2 p.m. to 10 p.m., averaging 8 hours per day and between 32 to 48 hours per week.

---

[1] Headers are for organizational purposes only.

19. During his employment, Plaintiff recalls working 6 days per week, from 2 p.m. to 10 p.m., totaling 48 hours per week, at least two weeks per month.

20. From speaking with them and personal observations, Plaintiff knows that other drivers worked similar hours as he did.

21. Total Care RX paid Plaintiff $18.50 per hour.

22. It is Total Care RX's policy to pay its drivers every 14 days, not every week.

23. Total Care RX paid Plaintiff his regular wages every 14 days, not every week.

24. Total Care RX paid Plaintiff his overtime wages every 14 days, not every week, in which his wages were deemed earned.

25. For example, on November 29, 2022, Total Care RX paid Plaintiff for the November 10, 2022 to November 23, 2022 pay period, during which he worked overtime; and on December 13, 2022, Total Care RX paid Plaintiff for the November 24, 2022 to December 07, 2022 pay period, during which he worked overtime.

26. Total Care RX failed to pay Plaintiff the overtime compensation that he earned in a particular workweek on the regular payday for the period in which such workweek ended.

27. In paying him every 14 days, Total Care RX did not pay Plaintiff for the first week he worked within each pay period within seven days.

28. Total Care RX has not been authorized by the New York Commissioner of Labor to pay its manual workers less frequently than weekly pursuant to the N.Y. Lab. Law § 191(1)(a).

29. Plaintiff knows, from speaking with them, that other drivers were, like him, paid their regular and overtime wages every 14 days, not every week.

30. Plaintiff and Total Care RX's other drivers and those employed in other manual labor positions are financially sensitive, depending upon each paycheck.

31. By delaying payment to Plaintiff and Total Care RX's other drivers and those employed in other manual labor positions, they were underpaid for the work they performed; they were deprived of money that they are owed and need; the value of the money, when eventually paid, is less than it would have been if they were timely paid; and they were not able to purchase everything they would have purchased if timely paid.

## CLASS ALLEGATIONS

32. Plaintiff asserts these allegations and claims on his own and on behalf of a class of persons under Fed. R. Civ. P. 23(a), (b)(2) and (b)(3).

33. Plaintiff brings his Labor Law claim on behalf of all persons whom Total Care RX is employing and has employed since June 1, 2017 in New York who are employed or were employed as drivers or comparable positions and who were paid their regular and overtime wages every 14 days and not paid within seven calendar days after the end of the week in which their wages were earned (the "Class Members").

34. The Class Members identified above are so numerous that joinder of all of them is impracticable. Although the precise number of such persons is unknown and the facts upon which calculating that number are within Total Care RX's sole control, upon information and belief, the size of the Class exceeds 100 individuals.

35. Plaintiff's claims are typical of the Class Members', and a class action is superior to other available methods for the fair and efficient adjudication of the

controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in court against a corporate defendant.

36. Total Care RX has acted or refused to act on grounds generally applicable to the Class Members, thereby making appropriate final injunctive relief or corresponding declaratory relief.

37. Plaintiff is committed to pursuing this action and has retained competent counsel experienced in wage and hour law and class action litigation.

38. Plaintiff has the same interest in this matter as all other Class Members and Plaintiff's claims are typical of theirs.

39. Common questions of law and fact exist as to the Class Members that predominate over any questions solely affecting the individual Class Members, including:

    a. whether Total Care RX employed Plaintiff and the Class Members within the meaning of the Labor Law;

    b. whether the Class Members are manual laborers and non-exempt employees within the meaning of the Labor Law;

    c. whether Total Care RX violated the Labor Law by paying the Class Members their regular and overtime wages every 14 days;

    d. whether Total Care RX is liable for all claimed damages, including liquidated damages and attorneys' fees and expenses; and

    e. whether Total Care RX should be enjoined from such violations of the Labor Law in the future.

## COLLECTIVE ACTION ALLEGATIONS

40. Under 29 U.S.C. § 216(b), Plaintiff seeks to assert these allegations and claims as a collective action:

> All persons whom Total Care RX employs and has employed who are drivers and other comparable positions and who did not timely receive their overtime wages between June 1, 2020 and the entry of judgment in this case (the "Collective Action Period"), as required under the FLSA (the "Collective Action Members").

41. Plaintiff and the Collective Action Members are similarly situated on several legal and factual issues, including:

   a. Total Care RX employed the Collective Action Members within the meaning of the FLSA;

   b. Collective Action Members performed similar duties;

   c. Collective Action Members worked substantial overtime hours for which they were not compensated in a timely fashion;

   d. Collective Action Members were paid their overtime wages on a bi-weekly basis and their overtime wages were paid approximately one week after the workweek in which they were earned;

   e. Collective Action Members did not get paid the overtime compensation they earned in a particular workweek on the regular payday for the period in which such workweek ends;

   f. Total Care RX willfully or recklessly violated the FLSA;

   g. Defendants should be enjoined from such violations of the FLSA in the future; and

    h. The statute of limitations should be estopped or equitably tolled due to Defendant's statutory violations.

## FIRST CAUSE OF ACTION
### NEW YORK LABOR LAW – UNTIMELY PAID WAGES
(Brought on Behalf of Plaintiff and the Class Members)

42. Plaintiff repeats every allegation of the preceding paragraphs as if fully set forth herein.

43. Total Care RX is an employer within the meaning of N.Y. Lab. Law §§ 190, 651(5) and supporting New York Statement Department of Labor Regulations and employed Plaintiff and the Class Members.

44. Plaintiff and the Class Members are "manual workers" within the meaning of N.Y. Lab. Law § 190(4).

45. As manual workers, Total Care RX was required to pay Plaintiff and the Class Members "not later than seven days after the end of the week in which the wages are earned." N.Y. Lab. Law § 191(1)(a)(i).

46. With Total Care RX paying Plaintiff and the Class Members their regular and overtime wages every 14 days, it did not pay them for the first seven days they worked during each period within seven days at the end of that week in which their wages were earned, violating N.Y. Lab. Law § 191(1)(a)(i).

47. For violating N.Y. Lab. Law § 191(1)(a)(i), Total Care RX is liable to Plaintiff and the Class Members for liquidated damages, interest and attorneys' fees and expenses. N.Y. Lab. Law § 198(1-a).

## SECOND CAUSE OF ACTION
### FLSA – FAILURE TO PAY OVERTIME PREMIUM PAY
(On Behalf of Plaintiff and the Collective Action Members)

48. Plaintiff repeats every allegation of the preceding paragraphs as if fully set forth herein.

49. Plaintiff, through his counsel, consents to be a party to this action under 29 U.S.C. §216(b).

50. At all relevant times, Total Care RX employed, and/or continue to employ, Plaintiff and the Collective Action Members within the meaning of the FLSA.

51. Total Care RX has been and continues to be an employer engaged in interstate commerce and/or the production of goods for commerce under the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

52. Total Care RX was required to pay Plaintiff and the Collective Action Members their overtime compensation earned in a particular workweek on the regular payday for the period in which such workweek ends.

53. Total Care RX has engaged in a widespread pattern and practice of failing to promptly pay Plaintiff and the Collective Action Members their overtime compensation.

54. Total Care RX did not pay Plaintiff and the Collective Action Members the overtime compensation they earned in a particular workweek on the regular payday for the period in which such workweek ends, violating the FLSA.

55. Total Care RX was aware or should have been aware that the practices described in this Complaint were unlawful, making its violations willful or reckless.

56. Total Care RX has not made a good faith effort to comply with the FLSA with respect to Plaintiff and the Collective Action Members' compensation.

57. In failing to timely compensate Plaintiff and the Collective Action Members for all overtime compensation earned, Total Care RX violated the FLSA.

58. Due to Total Care RX's violations of the FLSA, Plaintiff and the Collective Action Members are entitled to recover from Total Care RX their untimely overtime wages, statutory liquidated damages, reasonable attorneys' fees, costs, and pre and post-judgment interest and such other legal and equitable relief as this Court deems just and proper.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on his behalf and the Class Members, respectfully requests this Court grant the following relief:

  a. Certifying this action as a class action under Fed. R. Civ. P. 23(a), (b)(2) and (b)(3).on behalf of the Class Members and appointing Plaintiff and his counsel to represent the Class Members;

  b. Designating this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice under 29 U.S.C. §216(b) to all similarly situated members of an FLSA opt-in collective action, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue under 29 U.S.C. §216(b) and appoint Plaintiff and his counsel to represent the Collective Action Members and tolling of the statute of limitations;

  c. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the Labor Law;

  d. An injunction against Total Care RX and its officers, agents, successors, employees, representatives and any and all persons acting in concert with them,

as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

      e.    An award of liquidated damages under the FLSA and the Labor Law;

      f.    An award of prejudgment and post-judgment interest;

      g.    An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

      h.    Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury on all questions of fact the Complaint raises.

Dated: New York, New York
       June 1, 2023

                        LIPSKY LOWE LLP

                        s/ Douglas B. Lipsky
                        Douglas B. Lipsky
                        420 Lexington Avenue, Suite 1830
                        New York, New York 10017-6705
                        212.392.4772
                        doug@lipskylowe.com
                        *Attorney for Plaintiff and the Class and Collective Action Members*