

Douglas B. Lipsky

420 Lexington Avenue, Suite 1830
New York, New York 10170
Main:  212.392.4772
Direct:  212.444.1024
Fax:  212.444.1030
doug@lipskylowe.com

www.lipskylowe.com

January 11, 2024

VIA ECF
The Honorable Lois Bloom, U.S.M.J.
U.S. District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   Bohler v. Total Care Rx, Inc..1:23-cv-4065-LB

Dear Magistrate Judge Bloom:

This firm represents the Plaintiff Ramel Bohler in this Fair Labor Standards Act and New York Labor Law matter. We submit this letter, on behalf of all parties, seeking the Court's approval of the settlement agreement under *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015) and *Wolinsky v. Scholastic Inc.*, No. 11-cv-5917 (JMF), 2012 U.S. Dist. LEXIS 93918 (S.D.N.Y. July 5, 2012).

I.   Summary of Plaintiffs' Claims and Damages and Defendant's Defenses

   A.   Overview

Defendant Total Care RX is a full-service, specialty pharmacy and employed Plaintiff as a driver from February 15, 2022 to December 13, 2022. It is alleged that he, in performing his driver duties, spent more than 25% of his time doing physical labor, including stacking packages and delivering packages to Defendant's customers. It is also alleged that he worked, on average, 48 hours each week.

Defendant paid Plaintiff an hourly rate, paying him $18.50 an hour and $27.75 for his overtime hours.  No allegation exists of unpaid time or overtime. It was Defendant's policy to pay Plaintiff his overtime pay every 14 days.

   B.   Plaintiff's Allegations and Legal Claims

Plaintiff asserts untimely paid wage claims under the New York Labor Law and Fair Labor Standards Act.



1. <u>New York Labor Law Claim</u>

He alleges he is a "manual worker" within the meaning of the New York Labor Law and Defendant was, therefore, required to pay him his wages "not later than seven days after the end of the week in which the wages are earned." N.Y. Lab. Law § 191(1)(a)(i). He goes on to allege that with Defendant paying his regular and overtime wages every 14 days, it did not pay him for the first seven days he worked during each period within seven days at the end of that week in which his wages were earned, violating N.Y. Lab. Law § 191(1)(a)(i).

Based on this claimed violation, Plaintiff seeks liquidated damages equaling 100% of the untimely paid wages. N.Y. Lab. Law § 198(1-a). That is, he claims Defendant is liable to him for damages equaling the wages he earned in the first 7 of the 14 day pay period.

2. <u>Fair Labor Standards Act Claim</u>

Plaintiff alleges the FLSA requires Defendant to pay him his overtime pay earned in a particular workweek on the regular payday for the period in which such workweek ends. He further alleges Defendant violated this statutory requirement by paying him every 14 days.

Based on this claimed violation, like the Labor Law claim, he seeks liquidated damages equaling 100% of the untimely paid damages.

C. <u>Plaintiff's Estimated Damages</u>

Defendant paid Plaintiff approximately $31,000 during his employment period. His claimed damages therefore equal about 50% of those wages, totaling $15,500.

D. <u>Defendant's Defenses</u>

In its September 15, 2023 Motion to Dismiss, Defendant seeks to dismiss Plaintiff's FLSA and Labor Law claims.

As to the FLSA claim, Defendant argues that it complied with its statutory obligations by paying Plaintiff and others their overtime pay every 14 days. That is, it argues the FLSA does not require overtime to be paid every week, only that "the general rule is that overtime compensation earned in a particular workweek must be paid on the regular pay day for the period in which such workweek ends." 29 C.F.R. § 778.106. And it goes on to argue that paying it every 14 days complies with this. It further argues no court has held the FLSA requires overtime pay to be paid every week and that many courts have held paying overtime every 14 days is permitted under the statute. Defendant also cited cases in which Federal Courts applying a stricter state standard, like the New York Labor Law, did not find that an alleged state law violation equated to an FLSA violation.



As to the Labor Law claim, Defendant argues no private right of action exists to assert a claim under N.Y. Lab. Law § 191 for being untimely paid. It specifically argues this Court is not bound to follow the First Department's decision in *Vega v. CM & Associates Construction Management, LLC*, 107 N.Y.S.3d 286 (1st Dep't 2019) in which the First Department held a private right of action exits. And Defendant raised a defense that Plaintiff was not a manual worker as defined by the Labor Law.

Last, Defendant argues the Court should decline to exercise supplemental jurisdiction over the Labor Law claim if the Court dismisses the FLSA claim.

II.   Procedural and Settlement History

Plaintiff asserts two claims in his June 1, 2023 Complaint: Defendant violated the FLSA by not paying overtime pay every week; and Defendant violated the Labor Law by not paying him his wages every week. Defendant's September 15, 2023 Motion to Dismiss these claims is presently pending. The parties have participated in informal discovery, giving Plaintiff information to calculate his maximum potential recovery.

III.  Summary of Settlement Terms

Plaintiff has agreed to resolve his claims for $8,500.00: $5,398.67 payable to Plaintiff; $3,101.33 payable to his counsel Lipsky Lowe, $2,699.99 for their fees, equaling one-third of the settlement net of the $402.00 expenses.[1] In consideration and exchange for this Settlement, the Plaintiff agrees to a release limited to wage and hour claims.[2]

IV.   The Settlement Agreement Should Be Approved As It is Fair and Reasonable Under the Circumstances and Complies with the Second Circuit's Decision in *Cheeks v. Freeport Pancake House, Inc.*

   A.   The Settlement Agreement is Fair and Reasonable.

"Generally, there is a strong presumption in favor of finding a settlement fair, because the Court, is generally not in as good a position as the partis to determine the reasonableness of an FLSA settlement." *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (internal quotation marks omitted). A court should consider the totality of circumstances to determine whether the proposed settlement is fair and reasonable. This includes at least five factors: (1) the complexity, expense and likely duration of litigation; (2) the stage of the proceedings; (3) the risks of establishing liability; (4) the risks of establishing damages; (5) the ability of defendants to withstand a larger judgment; and (6) the range of reasonableness in light of the best possible recovery and all the risks of litigation. *Alvarez v. Sterling Portfolio Inv. L.P.*, No. 1:16-cv-5337 (CBA)(VMS), 2017 U.S. Dist. Lexis 206043, at *25 (E.D.N.Y. Dec. 13, 2017); *Wolinsky v. Scholastic Inc.*, No. 11-cv-5917 (JMF), 2012 U.S. Dist. LEXIS 93918, at *4-5 (S.D.N.Y.

---

[1] Settlement Agreement ¶ 2.
[2] *Id.* ¶ 5.




July 5, 2012) (citing *Medley v. Am. Cancer Soc.*, No. 1:10-cv-3214 (BSJ), 2010 U.S. Dist. LEXIS 75098, at *3 (S.D.N.Y. July 23, 2010)).

In considering these factors, courts may enter judgment on a basis that does not require full payment of Plaintiff's claims. This is appropriate where, like here, Defendant has asserted defenses that, if successful, would result in Plaintiff receiving nothing.

1. The settlement is reasonable and fair in view of the case's complexity, expense and the duration of the litigation.

While certain parts of this FLSA matter are not highly complex, serious legal questions exist that would require heavy litigation. Namely, whether paying overtime pay within 14 days complies with the FLSA and whether the Labor Law provides for a private right of action for this claim. A dispositive motion is, in fact, pending on these issues. In short, the anticipated burdens and expenses on both parties would be significant.

This litigation would be costly and time-consuming. As such, this factor favors approving the settlement. *See Marshall v. Deutsche Post DHL*, 1:13-cv-1471 (RJD) (JO), 2015 U.S. Dist. Lexis 125869, at *12 (E.D.N.Y. Sept. 21, 2015) (finding that costly litigation favors approving settlement).

2. The settlement is reasonable and fair considering the stage of the proceedings.

The parties participated in meaningful, informal discovery, allowing them to adequately evaluate the strengths and weaknesses of their respective claims and defenses. This favors approving the settlement. *See Alvarez*, 2017 U.S. Dist. Lexis 206043, at *8 (approving settlement where discovery was incomplete but the parties had sufficient information to analyze the case); *Hall v. Prosource Techs., LLC*, No. 1:14-cv-2502 (SIL), 2016 US. Dist. Lexis 53791, at *39 (E.D.N.Y. April 11, 2016) (approving settlement where informal discovery was exchanged sufficient enough the parties had "adequate knowledge of the strengths and weaknesses of their respective claims and defenses").

3. The settlement is reasonable and fair considering the risks of establishing liability and damages.

The biggest risk in Plaintiff's case is establishing whether the overtime was paid within the time period the FLSA requires and whether a private right of action exists for the Labor Law claim. Defendant, in its motion, argues with legal support that it complied with the FLSA and challenges whether a private right of action exists under the Labor Law. A real risk thus exists that this claim could be dismissed. But the settlement avoids this risk. It is accordingly uncertain whether, or how much, Plaintiff would recover at trial. This factor, therefore, favors approval of the settlement. *See Marshall*, 2015 U.S. Dist. Lexis 125869, at *13 (explaining because the case was not a "slam dunk" these factors favor approval); *Bodon v. Domino's Pizza, LLC*, No. 1:09-cv-2941 (SLT), 2015 U.S. Dist. Lexis 17358 (E.D.N.Y. Jan. 16, 2015) ("[T]she question [in assessing the fairness of a class action settlement] is not whether the settlement represents the highest recovery possible . . . but whether it represents a reasonable one in light of the uncertainties the class faces . . . .").



        4.        <u>The settlement is reasonable and fair considering Defendant's ability to withstand a larger judgment.</u>

Defendant has not stated whether they could withstand a greater judgment. This factor is, at best, neutral.

        5.        <u>The settlement is reasonable and fair considering Plaintiffs' best possible recovery and the litigation risks.</u>

Plaintiff calculates his total recovery for his claims to be $15,500. To obtain this, he would have to prove his wages were untimely paid. This, again, is a hotly debated legal issue.

A real likelihood, therefore, exists that they would nothing if Defendant prevails on his motion. But this settlement provides him 57% of his claimed damages. This range favors approval. *See Alvarez*, 2017 U.S. Dist. Lexis 206043, at * 25 (approving an FLSA settlement where Plaintiffs' recovery range varied significant on the success of certain defenses).

    B.        <u>The Agreement Is the Product of Arm's-Length Settlement Negotiations.</u>

The parties engaged in good faith, arm's length negotiation in reaching this Settlement. Counsel for both parties negotiated settlement terms after informal discovery. These factors favor approval. *See Garcia v. Pancho Villa's of Huntington Vill., Inc.*, No. 1:09-cv-486 (ETB), 2012 U.S. Dist. Lexis 144446, at * 7-8 (E.D.N.Y. Oct. 4, 2012) (approving settlement that was reached following arm's-length negotiations and with a mediator's assistance).

    C.        <u>The Agreement Complies with the Second Circuit's Decision in *Cheeks v. Freeport Pancake House*.</u>

In August 2015, the Second Circuit resolved an arguably unsettled issue: parties cannot privately settle FLSA claims without either the approval of the district court or the Department of Labor. *See Cheeks v. Freeport Pancake House, Inc*., 796 F.3d 199, 206 (2d Cir. 2015). The Court also explained in *dicta* when an FLSA settlement is valid. Namely, it questioned the validity of agreements that contain confidentiality provisions, single-sided general releases and attorneys' fees that go beyond a certain percentage. *Id*. None of those issues are present in the Agreement.

        1.        <u>The Agreement complies with *Cheeks* since it is publicly filed.</u>

The Agreement does not contain a confidentiality provision and it is publicly available, having been filed on the CM/ECF system with this motion. This concern thus does not exist, favoring approval.



      2.      <u>The Agreement complies with *Cheeks* since it contains a limited release.</u>

The Agreement's release is limited to the wage and hour claims asserted in this action.[3] This favors approval. *See Gomez v. Midwood Lumber & Millwork, Inc.*, No. 1:17-cv-3064 (KAM)(JO), 2018 U.S. Dist. Lexis 101019, at * 15 (E.D.N.Y. June 17, 2018) (approving settlement agreement when the release was limited to the asserted wage and hour claims); *Wiles v. Logan Staffing Sols. Inc*., No. 18-cv-9953 (RA), 2020 U.S. Dist. LEXIS 36485, at *4 (S.D.N.Y. Mar. 2, 2020).[4]

      3.      <u>The Non-Disparagement Clause Allows for Truthful Statements</u>

The Non-Disparagement Clause contained in the Agreement allows for truthful statements by the Plaintiff about this Action.[5] The concern of an onerous non-disparagement clause accordingly does not exist, favoring approval.

V.     <u>The Court Should Approve Plaintiff Counsel's Fees and Expenses, As the Amounts Are Reasonable</u>

    A.    <u>Counsel's Fees of One-Third of The Settlement Is Reasonable and Regularly Approved.</u>

Plaintiff's Counsel shall receive, under the Agreement and subject to the Court's approval, $2,699.99 in fees, which is one-third of the $8,500 settlement, net of fees.[6] Plaintiff's Counsel seeks one-third in fees also pursuant to the contingency fee agreement with Plaintiff.

This amount is reasonable as contingency fees of one-third in the FLSA context are routinely approved. *See e.g., Sanchez v. Alan's R E 99 Cents & Up Inc.,* No. 16-cv-1881 (CBA)(LB), 2018 U.S. Dist. LEXIS 70647, at *13 (E.D.N.Y. Apr. 24, 2018) (approving one-third fee request in FLSA case); *Emiliano Nieto Zepeda v. Baggio, Ltd.*, No. 1:17-cv-2290 (VB), 2017 U.S. Dist. LEXIS 143332, at *2 (S.D.N.Y. Sept. 1, 2017) (approving one-third request fee request). And it remains reasonable for counsel to receive one-third of the fund even when the Plaintiffs are not receiving 100% of their claimed damages. *See Emiliano Nieto Zepeda*, 2017 U.S. Dist. LEXIS 143332, at *2 (approving one-third request when Plaintiffs is receiving 50% of her claimed damages).

Also, this firm assumed a meaningful financial risk when agreeing to represent Plaintiff under this contingency fee arrangement. We took on the case with no guarantee if and when there would be a resolution, while investing our time and effort and advancing costs – all with no guarantee of any compensation. Indeed, in unsuccessful cases, this firm

---

[3] Settlement Agreement ¶ 5.
[4] The Parties entered into a separate settlement agreement that is not being submitted for approval with this motion since it is outside the scope of *Cheeks*, but can be submitted if that is the Court's preference. *Seecharan v. Heritage Place LLC*, 2021 U.S. Dist. LEXIS 50188, at *7 (E.D.N.Y. Mar. 15, 2021).
[5] Settlement Agreement ¶ 7
[6] Settlement Agreement ¶ 2(a)(iii).



does not recover anything despite investing hundreds of hours and thousands in expenses. This assumption of risk is unique to the plaintiffs' bar and further favors approving the near-one-third contingency fee. *See Garcia*, 2012 U.S. Dist. Lexis 144446, at *20; *Campos v. Goode*, No. 1:10-cv-224 (DF), 2011 U.S. Dist. Lexis 22959, at *19 (S.D.N.Y. March 4, 2011).

> B.   Counsel's Fee Request Is Further Reasonable Considering Their Hourly Rates and Hours Expended.

Lipsky Lowe has expended more than 18 hours, equaling $7,002.40 in fees: 10.3 hours for Douglas Lipsky (Partner) at $500 per hour, totaling $5,150.00; 5.5 hours for Bayron Flores Tapia (Junior Associate) at $275 per hour, totaling $1,512.50; and 3.1 hours for LiAnne Chan (Paralegal) at $110 per hour, totaling $339.90.[7] These hours and rates are reasonable.

> 1.   Counsel's fee request is reasonable considering the requested hourly rates, their experience and previously approved rates.

Plaintiff requests a rate of $500 for partner Douglas B. Lipsky, which is reasonable considering his background: he has practiced employment law for 20 years; he is a member of the New York State Bar Association, Wage and Hour Committee; he has presented on numerous issues, including presenting to the New York State Academy of Trial Lawyers on employment law and the FLSA; he was a contributing authority on a treatise on wage and hour litigation, Wage & Hour Collective and Class Litigation, ALM Law Journal Press (2012); prior to founding Lipsky Lowe, he was a Senior Associate at Seyfarth Shaw LLP in its employment practice group, which is consistently ranked as one of the top employment practice groups in the Country. Courts, recognizing this background, have approved a comparable rate. *See Enriquez et al v. 189 Chrystie Street Partners, LP et al, 21-11195* (S.D.N.Y.) (approving Lipsky at $475); *Ilyina v. Fantasy Lake Resort Inc., et al*., 1:19-cv-4845 (JRC) (E.D.N.Y. May 4, 2023) (approving Lipsky at $450); *Karaisaridis v. Red Panda Asian Bistro Inc. et al*, 1:19-cv-03780-ENV-VMS (EDNY March 20, 2023) (approving Lipsky at $450); *Heath v. One of Kind Transport Inc, et al.*, 1:21-cv-06920 (BMC) (E.D.N.Y. Mar. 22, 2022) (approving Lipsky at $450).

Furthermore, Courts in this District have approved comparable rates as that requested here for attorneys of similar experience in FLSA matters. *See, e.g., Saivin v. Singh Farm Corp.*, No. 17-cv-4032, 2018 U.S. Dist. LEXIS 137485, at * 25 (E.D.N.Y. Aug. 13, 2018) (approving $500 hourly rate for a partner in an FLSA case); *Hall v. ProSource Technologies, LLC*, 14-cv-2502 (SIL), 2016 U.S. Dist. LEXIS 53791 (E.D.N.Y. April 11, 2016) ("Courts in the Eastern District of New York award hourly rates ranging from $200 to $450 per hour for partners, $100 to $300 per hour for associates and $70 to $100 per hour for paralegals."); *Keawsri v. Ramen-Ya Inc.*, No. 17-cv-2406 (LJL), 2022

---

[7] Contemporaneous and near contemporaneous time records, Exhibit B.



U.S. Dist. LEXIS 140803, at *10 (S.D.N.Y. Aug. 8, 2022) (approving $450 hourly rate for attorney with 10 years of experience).

Plaintiff requests an hourly rate of $275 for Bayron Flores-Tapia. He graduated in 2021 from Fordham University School of Law and has since been working as a junior associate at Lipsky Lowe. During law school, he interned with the New York Legal Assistant Group's Legal Clinic for *Pro Se* Litigants at the Southern District of New York, providing direct limited scope legal assistance to federal pro se litigants in matters related to labor and employment. As a junior associate at Lipsky Lowe, he has worked exclusively on employment law matters. Courts in this District have recently approved his hourly rate of $275. *See Portillo*, 1:20-cv-05286 (WFK)(JRC) (granting Plaintiff's motion for default judgment in which, for lodestar purposes, Flores-Tapia's hourly rate was $275); *Raiter*, 1:21-cv-04410 (CLP) (approving Mr. Flores-Tapia's hourly rate of $275 in an FLSA matter); *Diaz*, 7:22-cv-3281 (S.D.N.Y. Feb. 3, 2023) (approving Mr. Flores-Tapia's hourly rate of $285 in an FLSA matter).

The requested rate of $110 for the paralegal on the case, Ms. LiAnne Chan. Ms. Chan has worked as a paralegal for almost 15 years, with 8 of those years specific to employment law. Her requested rate is consistent with what other courts have approved. *See Lazaro v. Best Fish Mkt. Corp.*, 2022 U.S. Dist. LEXIS 17015, at *5 (E.D.N.Y. Jan. 29, 2022) (noting that a paralegal rate of $125 was "within the parameters in this district"); *Perez-Ramos v. St. George Holding Corp.*, No. 18-cv-1929(KAM)(JO), 2020 U.S. Dist. LEXIS 13256, at *10 (E.D.N.Y. Jan. 27, 2020) (approving as reasonable a $100 hourly rate for a paralegal); *Raiter*, 1:21-cv-04410 (CLP) (approving an hourly rate of $115 for a Lipsky Lowe paralegal in an FLSA matter); *Diaz*, 7:22-cv-3281 (same).

> 2. Counsel's fee request is further reasonable considering they regularly represent clients who pay them rates that are greater than the requested rates.

As the redacted engagement letters confirm, Plaintiff's Counsel often represents individuals and businesses who pay them above the requested rates: clients regularly agree to pay Mr. Lipsky $600 or more per hour and junior associates $300 or more. This further underscores the reasonableness of the requested rate, as it reflects the market rate for an attorney of her experience. *See Anthony v. Franklin First Fin., Ltd.*, No. 09-cv005578 (BSJ)(RLE), 2012 U.S. Dist. LEXIS 21730, at *8 (S.D.N.Y. Feb. 16, 2012) (the court "giving significant weight" to redacted engagement letters to approve the requested hourly rates); *Rozell v. Ross-Holst*, 576 F. Supp. 2d 527, 544 (S.D.N.Y. 2008) (explaining "the range of rates that Plaintiffs' counsel actually charge their clients . . . is obviously strong evidence of what the market will bear").[8]

> 3. Counsel's fee request is further reasonable considering hourly rates are not stagnant.

These rates are further reasonable when considering hourly rates are not stagnant. *Reiter v. MTA N.Y. City Transit Auth*.457 F.3d 224, 232 (2d Cir 2006) ("[In fee

---

[8] Engagement Letters (client names and matters have been redacted), Exhibit C.



applications], rates used by the court should be current rather than historic.") Rates generally increase each year, resulting in the market rate in 2024 being greater than what it was in 2014. The average attorney hourly rates in New York, in fact, increased by 3% in 2023 and by 4.8% for AMLaw 100 firms.[9] It accordingly follows that the hourly rates that were approved in earlier years do not reflect what those rates would be in today's market for someone with the same experience. Putting this in context and using the 3% increase rate, the $400 hourly rate that was recognized as reasonable in 2010 for a partner in *Luca v. Cty. of Nassau*, 698 F. Supp. 2d 296, 302 (E.D.N.Y. 2010) would be $568 in today's market.[10]

Rates also adjust with inflation. For example, that $400 hourly rate in *Luca*, equals $566.25 when adjusted for inflation.[11]

4. Counsel's fees are further reasonable considering the work done on this case.

Before filing the lawsuit, Counsel fully investigated the claims and potential defenses. After the lawsuit was filed, the parties completed meaningful informal discovery, engaged in motion practice and in significant settlement talks.

5. Counsel's fees are further reasonable considering the division of labor between Partner and Associate

The work here was appropriately allocated between a partner, junior associate and paralegal. This case is therefore not the situation where a partner does all of the work and seeks to be compensated for associate-level work. This firm was, rather, able to allocate the most cost efficient resources to this case, while effectively representing the Plaintiff.

6. Counsel's fees are further reasonable considering their lodestar is greater than the requested fees.

Counsel's lodestar is $7,002.40. Counsel, however, seeks only $2,699.99 in fees, representing 39% of their fees. This further warrants approval.

C. Lipsky Lowe Are Entitled to Their Expenses

Lipsky Lowe is entitled to recover its costs in additional to their reasonable fees. *See* 29 U.S.C. § 216(b); N.Y. Lab. Law §§ 198(1-a), 663. These include reimbursement for, by way of example, filing fees. *See Marquez v. Erenler, Inc.*, No. 12-cv-8580 (GHW), 2014 U.S. Dist. LEXIS 159128, at *9 (S.D.N.Y. Nov. 10, 2014) (awarding filing and transcript fees, and process server expenses); *Morris v. Affinity Health Plan, Inc.*, 859 F. Supp. 2d 611, 624 (S.D.N.Y. 2012) (awarding expenses including filing fees and postage).

---

[9] https://www.attorneyatwork.com/solo-and-small-firm-lawyer-hourly-rates/ ; https://www.legaldive.com/news/am-law-100-hourly-rates-largest-law-firms-brightflag-analysis/702164/

[10] $400 \times 1.03^{14} = \$568$.

[11] https://www.bls.gov/data/inflation_calculator.htm



Here, Counsel is seeking $402 in expenses for the filing fee.[12] Counsel should be reimbursed for them.

VI.    Conclusion

For the foregoing reasons, Plaintiffs respectfully request that the Court approve the Agreement and award the requested attorneys' fees and expenses.

>Respectfully submitted,
>LIPSKY LOWE LLP
>
>
>s/ Douglas B. Lipsky
>Douglas B. Lipsky

CC:    Defense Counsel (Via ECF)

---

[12] Expense records, Exhibit D.